```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/23/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

           -against-

VICTOR DELGADO,

                     Defendant.
-----------------------------------------------------------X

21-CV-4864 (KMW)
19-CR-732 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Petitioner Victor Delgado, proceeding *pro se*, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Delgado argues that his Sixth Amendment right to effective assistance of counsel was violated because defense counsel (1) misinformed him regarding his guilty plea and (2) failed to file a notice of appeal. For the reasons below, Delgado's motion is DENIED.

## BACKGROUND

      Delgado was sentenced for stalking in violation of 18 U.S.C. §§ 2261(b)(6), 2261A(2), and 2266(5). From 2011 to 2014, Delgado was employed as a resident superintendent in an apartment building in Manhattan. (Presentence Investigation Rep. ¶ 7, ECF No. 20.) After a resident of the building complained about Delgado's behavior, Delgado began harassing the resident. (*Id.* ¶¶ 8–9, 11.)

      From September to December 2014, Delgado called 911 on several occasions to make false reports about the resident's apartment (e.g. fake emergencies, gas leak, domestic violence incident), prompting police or the fire department to respond at the resident's apartment. (*Id.* ¶¶ 11–15.) The resident obtained a protective order against Delgado on June 2, 2017. (*Id.* ¶ 18.)

Between December 2018 and July 2019, Delgado sent to various individuals at least twelve threatening letters, identifying the resident as the sender, that contained white powder. (Info. ¶ 1, ECF No. 11; Presentence Investigation Rep. ¶¶ 19–25.) For each of these letters, a recipient dialed 911, prompting a law enforcement response. (Presentence Investigation Rep. ¶ 25.) Delgado was arrested on August 8, 2019. (*Id.* ¶ 34.)

On October 11, 2019, Delgado waived indictment and agreed to proceed on an information charging him with stalking. (ECF No. 12.) That same day, Delgado entered a guilty plea to the one count charged in the information pursuant to a plea agreement. (*See* Order, ECF No. 16.) On November 5, 2019, the Court accepted Delgado's guilty plea. (*Id.*)

During his plea allocution, Delgado confirmed his knowledge of the plea agreement's contents and that he had discussed the agreement with defense counsel before he signed it. (Plea Tr. at 14–15.) Delgado also stated that he understood, pursuant to the terms of his plea agreement, that he would forfeit his right to appeal his sentence if the Court sentenced him to a term of forty-six months or less. (*Id.* at 16.) In addition, he confirmed that his plea was voluntary. (*Id.* at 17.) Magistrate Judge Wang found that Delgado was "fully competent to enter an informed plea," that he "underst[ood] the nature of the charge and the consequences of his plea," and that "his plea [was] voluntary." (*Id.* at 21.) Upon review of the transcript of Delgado's plea allocution, the Court determined that Delgado had entered his guilty plea knowingly and voluntarily. (Order at 1.)

On September 24, 2020, the Court imposed a sentence of forty-six months (Sentencing Tr. at 7, ECF No. 44.), within the United States Sentencing Commission Guidelines range of thirty-seven to forty-six months of imprisonment. During that proceeding, the Court advised Delgado that he had the right to appeal, noted the general fourteen-day requirement to file a

2

notice of appeal, and stated that the Clerk of Court could prepare such a notice on his behalf. (*Id.* at 10.) The Court also stated that it would "count on [Delgado's counsel] to answer [his] questions" regarding appeal. (*Id.*) Additionally, the Court gave Delgado and counsel an opportunity to speak privately following the proceeding. (*Id.* at 11.) Judgment was entered on October 7, 2020. (ECF No. 41.) No notice of appeal was ever filed.

## LEGAL STANDARD

A federal prisoner may move the sentencing court to "vacate, set aside, or correct the sentence" if he believes his "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Ineffective assistance of counsel claims may properly be raised in motions pursuant to Section 2255. *See Massaro v. United States*, 538 U.S. 500, 508 (2003); *United States v. DeLaura*, 858 F.3d 738, 743–44 (2d Cir. 2017). Such a motion requires a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

To succeed on a claim of ineffective assistance of counsel, a petitioner "must demonstrate that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McCoy v. United States*, 707 F.3d 184, 187 (2d Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). "When considering the first prong, [courts] 'strongly presume[] [that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Jackson v. Conway*, 763 F.3d 115, 152 (2d Cir. 2014) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011)). Thus, a petitioner bears a "heavy" burden to show that counsel's "representation amounted to incompetence under prevailing professional norms." *Harrington v. United States*, 689 F.3d 124,

3

129–30 (2d Cir. 2012).

## DISCUSSION

Delgado's claim is based on two alleged failings of defense counsel.  First, Delgado alleges that defense counsel misinformed him regarding his guilty plea.  Second, Delgado alleges that he requested, but defense counsel did not file, a notice of appeal.  The Court considers each of these contentions in turn.

### I.     Counsel's Alleged Deficient Representation During Plea Negotiations

Delgado claims ineffective assistance of counsel because "counsel promised that movant would only receive one-year incarceration if he plead guilty and would be release [sic] for compassionate release." (Mot. at 6, ECF No. 51.)  Additionally, "[h]ad counsel not misinformed movant, movant would have proceeded to trial instead of pleading guilty." (*Id.*)  Delgado does not address this claim in his memorandum in support of his motion.  (*See* Pet'r's Mem. Supp., ECF No. 52.)  Because Delgado proceeds *pro se*, however, the Court will construe his motion liberally, *see Lasher v. United States*, 970 F.3d 129, 132 n.3 (2d Cir. 2020), and will address whether counsel was deficient for allegedly "misinform[ing]" Delgado during plea negotiations.

Liberally construed, Delgado's claim amounts to an allegation that his plea was not made knowingly and intelligently.  It is well-settled that a plea agreement is invalid if it is not made knowingly and intelligently.  *See Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)).  Importantly, however, "sworn testimony given during a plea colloquy 'carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made.'" *United States v. Rivernider*, 828 F.3d 91, 105 (2d Cir. 2016) (quoting *United States v.*

4

*Juncal*, 245 F.3d 166, 171 (2d Cir. 2001)).

As described further in Section II.A below, Delgado's plea allocution reflects his clear understanding of the substance of his plea agreement and the consequences of his guilty plea. At the plea allocution, Delgado stated that he understood what his plea agreement stated and that he had had a full opportunity to discuss the agreement with his counsel. (*See* Plea Tr. at 8–9.) In addition, Delgado confirmed that he had "a full opportunity to discuss" his case with his attorney, as well as the charge and how he wished to plead. (*Id.*) Furthermore, even assuming, as Delgado claims, that counsel told him that he "would only receive one-year incarceration if he plead [sic] guilty," Delgado has not shown that had he been so advised, he would not have pleaded guilty. Accordingly, he has not provided a "substantial reason" for the Court to depart from its prior finding that his plea agreement was knowing and intelligently made.

## II. Counsel's Alleged Failure to File a Requested Appeal

Delgado claims that he "advised defense counsel after sentencing that he wanted to file an appeal," but "Defense counsel advised Petitioner that he (counsel) would not be filing an appeal." (Pet'r's Mem. Supp. at 2.) Delgado also states that defense counsel "[f]ail[ed] to consult with Petitioner after sentencing concerning appeal." (*Id.*)

### A. Delgado Has Waived His Right to Appeal His Sentence

As an initial matter, Delgado's challenge to his sentence, including his argument that counsel failed to appeal, is barred by the appellate waiver in his plea agreement. "The Second Circuit has repeatedly—and emphatically—held that a defendant's knowing and voluntary waiver of the right to appeal a sentence is generally valid and enforceable." *Fernandez v. United States*, No. 12-CR-445, 2016 WL 4735370, at *3 (S.D.N.Y. Sept. 12, 2016) (Furman, J.) (collecting cases). Furthermore, the Second Circuit has stated that "[i]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily

5

waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." *United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009) (per curiam) (quoting *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993) (per curiam)). Exceptions to enforceability of a waiver "are effectively limited to circumstances in which 'the sentence imposed was based on unconstitutional factors—such as race, naturalized status, or the ability to pay restitution,' or when a sentencing court provides no rational [sic] whatsoever for the sentence." *Fernandez*, 2016 WL 4735370, at *3 (citing *United States v. Riggi*, 649 F.3d 143, 147 (2d. Cir 2011)).

In this case, the record shows that Delgado knowingly and voluntarily waived his right to challenge his sentence of forty-six months. Delgado signed a plea agreement that expressly waived his right to file a direct appeal or collaterally attack any sentence within or below the stipulated Sentencing Guidelines range of thirty-seven to forty-six months. (*See* Plea Tr. at 14, 16.) In addition, during his plea allocution, Delgado confirmed that no one had threatened him or forced him to enter into his plea agreement, and that no promises—other than any contained within the plea agreement itself—had been made to him to enter the agreement. (*Id.* at 14–15.) Furthermore, Delgado specifically acknowledged that he understood the waiver provision of the plea agreement—namely that he was "giving up [his] right to appeal [any sentence that is forty-six months or less] or to challenge it in any other way." (*Id.* at 16.) These unambiguous statements on the record confirm that Delgado knowingly and voluntarily waived his right to appeal the sentence he ultimately received. Accordingly, and because Delgado has not claimed that his sentence was imposed on the basis of a constitutionally impermissible ground, the Court finds Delgado's waiver of his right to appeal to be valid and enforceable.

### B. Notwithstanding Waiver, Delgado's Claim that Counsel Failed to File an Appeal Fails on the Merits

Even if Delgado had not waived his right to appeal, his allegations regarding defense counsel's conduct are meritless because the record does not support his contention that he requested an appeal. The United States Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Even where a defendant has waived appeal in his plea agreement, as Delgado did, if his attorney fails to file a notice of appeal as requested by the defendant, "the defendant will be entitled to a direct appeal without any showing on collateral review that his appeal will likely have merit." *Campusano v. United States*, 442 F.3d 770, 772 (2d Cir. 2006). A court must first, however, determine that the defendant actually requested an appeal.

#### 1. No Hearing Is Required to Determine Whether Delgado Requested an Appeal

Section 2255 requires a court to grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Therefore, when, as here, the Petitioner's and the Government's submissions raise a dispute over whether a defendant specifically instructed his attorney to file an appeal, the district court must conduct a hearing and determine as a matter of fact whether an appeal was requested. *See Campusano*, 442 F.3d at 776. Importantly, however, the "district court has discretion to determine if a testimonial hearing will be conducted." *Id.* (citing *Chang v. United States*, 250 F.3d 79, 85–86 (2d. Cir. 2001)). No testimonial hearing is required where the movant's allegations are "vague, conclusory, or palpably incredible." *Machibroda v. United States*, 368 U.S. 487, 495 (1962). In assessing whether such a hearing is warranted, "the court looks primarily to the affidavit or other evidence proffered in support of the application in order to

7

determine, if the evidence should be offered at a hearing, it would be admissible proof entitling the petitioner to relief." *Dalli v. United States*, 491 F.2d 758, 760 (2d Cir. 1974). Based on parties' submissions regarding the instant motion, the Court finds that no testimonial hearing is required.

Delgado's submissions contain only his bare allegations regarding counsel's conduct. (*See* Mot. at 5; Pet'r's Mem. Supp. at 2, 4.) His assertions that he directed defense counsel to file an appeal are contained in his unsworn petition and accompanying memorandum of law. *See, e.g.*, *Nicholson v. United States*, 566 F. Supp. 2d 300, 305 (S.D.N.Y. 2008) (Marrero, J.) (concluding that petitioner had never requested an appeal in part because petitioner's assertion that he directed counsel to file an appeal was contained in an unsworn petition, whereas defense counsel denied the allegation in a sworn affirmation). Moreover, there is no record of Delgado having complained about his counsel's alleged failure to file an appeal until he filed the instant motion. Thus, Delgado has provided no evidence to substantiate his otherwise self-serving claim that he instructed counsel to file an appeal.

Following Delgado's instant motion, the Government sought, and Delgado consented to, a waiver of attorney-client privilege to obtain an affidavit from Delgado's counsel regarding the substance of their post-sentencing discussion. (*See* ECF No. 58.) In that affidavit, counsel responds directly to Delgado's ineffective assistance claim, affirming that Delgado "stated that he understood and agreed that he should not file a notice of appeal. Instead, he inquired about a compassionate release motion. [Delgado] did not communicate a desire to file a notice of appeal. Had he directed me to file a notice of appeal on his behalf, I would have done so." (Gov't Opp'n Ex. A at 2, ECF No. 59.)

In light of the foregoing facts, the Court concludes that the written submissions are

sufficient to decide the petition and no hearing is required. Doing so "avoid[s] the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless claims that would have resulted from a full testimonial hearing." *Chang*, 250 F.3d at 86.

### 2. Delgado Has Not Credibly Established that He Requested an Appeal

Based on the parties' written submissions, the Court finds Delgado's assertion that he directed his counsel to file a notice of appeal after sentencing not to be credible. Delgado offers no evidence of his purported request, such as a declaration from another individual supporting his account. *See, e.g.*, *Brown v. United States*, No. 17-CR-789, 2021 WL 1222437, at *3 (S.D.N.Y. Apr. 1, 2021) (Castel, J.) ("[Petitioner] asserts that his request was in the presence of family members, but he has failed to produce any declarations from such individuals supporting his account."). Delgado also does not provide any evidence that he followed up with counsel regarding this alleged request. *See id.* (noting that written communications between the petitioner and counsel subsequent to sentencing did not support the petitioner's contention that he requested an appeal). By contrast, defense counsel credibly asserts that Delgado never asked him to file a notice of appeal following the sentencing. (*See* Gov't Opp'n Ex. A at 2.) The credible assertions in counsel's sworn statement undermine Delgado's self-serving assertion that he specifically instructed defense counsel to file an appeal.

On this record, the Court finds that Delgado did not request that his counsel file an appeal. Therefore, counsel's performance was not constitutionally ineffective for failure to file an appeal.

## CONCLUSION

For the foregoing reasons, Delgado's motion pursuant to 28 U.S.C. § 2255 is DENIED.

Because Delgado has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Order would not be taken in good faith and thus Delgado may not proceed *in forma pauperis* for any such appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk is respectfully directed to close the motion at ECF No. 51 in case number 19-CR-732 and at ECF No. 1 in case number 21-CV-4864.

SO ORDERED.

Dated: New York, New York
September 23, 2022

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge